

January 7, 2015

*Via E-Mail*

Daniel O. Mena, Esq.
Email: dmena@arhmf.com
Martha R. Mora, Esq.
E-mail: mmora@arhmf.com
Avila Rodriguez Hernandez Mena & Ferri LLP
2525 Ponce de Leon Blvd., Suite 1225
Coral Gables, FL 33134

Michael J. Stortz
E-mail: Michael.Stortz@dbr.com
Drinker Biddle & Reath LLP
50 Fremont St., 20th Floor
San Francisco, CA 94105-2235

Seamus C. Duffy, Esq.
E-mail: Seamus.Duffy@dbr.com
Meredith C. Slawe, Esq.
E-mail: Meredith.Slawe@dbr.com
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996

RE: Ana Maria Chimeno-Buzzi v. Hollister Co., et al. Case No. 14-CV-23120-MGC

MEET AND CONFER LETTER

Dear Counsel:

We write to "meet and confer" regarding your patently baseless and dilatory discovery objections, which violate not only the spirit of Rule 26 but also the precise prohibitions imposed by Magistrate Judge Torres in his standing discovery orders, particularly with respect to "general objections" and "formula objections followed by an answer."[1]

---

[1] http://www.floridabar.org/DIVPGM/PU/FCPCSurvey.nsf/WFCPC%20Alpha/A8AA35D37E934E1085257A370073FF2B

We ask that you serve revised responses that comply with the Rules, dictates of good faith, and Judge Torres's standing orders no later than Tuesday, January 20, 2015. Otherwise, we will be forced to file a motion to compel; motion for sanctions; and a motion to revoke Drinker Biddle's *pro hac vice* status.

For the additional reasons set forth below, we ask that you withdraw all of your objections, and provide full, clear, and appropriate responses to the particular requests discussed below and summarized as follows:

**Interrogatories**: Nos. 1, 2, and 5.

**Production Requests**: All.

## I. GENERAL STANDARDS FOR DISCOVERY

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is *relevant* to the claim or defense of any party." Fed. R. Civ. P. 26(b) (emphasis added).

Courts are required to employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Hill v. Celebrity Cruises, Inc.,* No. 09-23815-CIV, 2010 WL 5419006, at *1-2 (S.D. Fla. Dec. 23, 2010).

To sustain discovery objections based on relevancy, a defendant must show that the requested discovery has "**no possible bearing on the claims and defenses in this case**." *Id.* "This means that Defendants must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures." *Id.*; *see also Millinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007).

Information is deemed relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401; *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 345 (1978); *see also* Local Rule 26.1.G.3.

Thus, discovery *must* be provided if the information requested has some bearing on the claims or defenses in the case. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Fed. R. Evid. 401 (evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence).

As discussed below, the discovery requests that are the subject of this "meet and confer" letter are all relevant because they are all reasonably calculated to lead to the discovery of admissible evidence.

## II. REQUESTS FOR PRODUCTION

Request No. 1 seeks all documents related to Plaintiff's cell phone number, including text messages sent by the Defendants. The refusal to produce a single document is flip and unprofessional.

Request No. 2 seeks all documents that evidence Plaintiff's consent to receive marketing text messages from the Defendants. This information is obviously relevant in a TCPA action. Again, the obstinate refusal to produce a single document is frivolous and unprofessional.

Request No. 3 seeks all documents related to "bounce backs," which are relevant to proving the Defendants' knowledge that the Plaintiff's cell phone number had been reassigned. Again, this information is plainly relevant.

Request No. 4 seek all documents pertaining to "scrubbing," which are relevant, again, to ascertain whether Plaintiff's cell phone number had been reassigned and the extent to which Defendant's records reflect that reassignment. Again, this information is manifestly relevant.

Request No. 5 seeks all documents related to the software and hardware used for scrubbing. This information is clearly and reasonably calculated to lead to the discovery of admissible evidence.

Request Nos. 6, 15 and 22 seek the Defendants' TCPA compliance guidelines. This information was supposed to be produced months ago in connection with counsels' agreement whereby Plaintiff provided you and your predecessor with Plaintiff's current cell phone number in exchange for Defendant's promise to produce the requested materials. We provided you and your predecessor with Plaintiff's phone number, but received absolutely nothing in exchange. Now, in response to a formal request for production, which should have been unnecessary in light of counsels' agreement, we again receive nothing but patently baseless objections. The requested materials are eminently relevant.

Request No. 7 seeks all documents related to the prior owner of Plaintiff's cell phone number. Again: relevant.

Request No. 8 seeks all documents that evidence the prior owner's consent to receive marketing text messages from the Defendants. Again: relevant. Moreover, the blanket refusal to identify and produce these documents is inconsistent with Defendants' Rule 26 disclosures, section B.2. Moreover, you have filed an affidavit that attempts to describe the contents of these documents without actually attaching the documents themselves. ("Documents reflecting consent given by the prior holder of the telephone number (305) ***-1810 to receive text messages from Hollister at that number.")

Request No. 9 seeks all documents pertaining to the Defendants' use of an ATDS. Again: relevant.

Request Nos. 10, 11 and 12, 17, 23 and 24 seek all documents identifying the members of the putative class and the text messages that they received. Again: relevant.

Request No. 14 seeks all documents pertaining to the bounce backs relating to the putative class members. Again: relevant.

Request No. 16 seeks all documents pertaining to scrubbing relating to the putative class members. Again: relevant.

Request Nos. 18, and 19 seek all documents pertaining to prior TCPA violations by the Defendants and their agents. These documents are *per se* reasonably calculated to lead to the discovery of admissible evidence.

Request No. 20 and 21 seek all documents pertaining to the Defendants' contracts with its TCPA vendors. These documents are *per se* reasonably calculated to lead to the discovery of admissible evidence.

Request Nos. 25, 26 and 27 seeks copies of any applicable policies of insurance and related claims pertaining to this action. Rule 26 (a)(iv) mandated you to produce "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." You failed to produce these records in derivation of your initial disclosure obligations. And now you object to producing these records in response to formal discovery requests. Please produce all responsive documents or state unequivocally that none exist.

### III.  INTERROGATORIES

Interrogatories 1 and 2 seek the names of all witnesses and their respect knowledge about the facts of the case. These are "standard form interrogatories" located in the back of the Local Rules for the Southern District of Florida, Appendix A at page 87, entitled "FIRST SET OF RULE 26.1(g) INTERROGATORIES." The objection that these interrogatories are "duplicative" of Rule 26 is patently frivolous. We also seriously doubt that Whitney Kaczor is the only person in the world who has knowledge relevant to this action. We therefore insist that you respond to these interrogatories, under oath, as required by Rule 33 and the Local Rules, without any further objections.

Interrogatory 5 is self-evidently relevant and asks for information about the systems used to disseminate the TCPA-violative text messages at issue in this action. None of the objections enumerated even comes close to excusing the complete and utter lack of a clear answer.

### IV.  CONCLUSION

We take seriously our obligation to litigate in good faith and with the utmost respect to opposing counsel. We ask that you afford us the same courtesies and cut out the discovery nonsense. We are entitled to and expect to receive appropriate responses in 10 days together with the responsive documents.

Sincerely,

*[signature] for*

David P. Milian, Esq.