**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| ANAMARIA CHIMENO-BUZZI, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOLLISTER CO.; and ABERCROMBIE & FITCH CO., )<br><br>Defendants. ) | Case No. 14-cv-23120<br><br>Hon. Marcia G. Cooke, Presiding<br><br>Hon. Magistrate Edwin G. Torres |
| LAKEDRICK REED, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOLLISTER CO., a Delaware corporation, )<br><br>Defendant. ) | Case No. 15-cv-21580<br><br>Hon. Jose E. Martinez, Presiding<br><br>Hon. Magistrate Jonathan Goodman |

**PLAINTIFF'S NOTICE OF SIMILAR ACTIONS
AND MOTION TO REASSIGN AND CONSOLIDATE**

Pursuant to Local Rule 3.8, Plaintiff Lakedrick Reed ("Plaintiff") respectfully notifies this Court of two similar actions pending in this District: *Lakedrick Reed v. Hollister Co.*, No. 15-cv-21580 (S.D. Fla.) (Martinez, J.) ("*Reed* Action") (a true and correct copy of the Complaint in the *Reed* Action is attached hereto as Exhibit 1); *Anamaria Chimeno-Buzzi v. Hollister Co. et al.*, No. 14-cv-23120 (S.D. Fla.) (Cooke, J.) ("*Chimeno* Action") (a true and correct copy of the Complaint in the *Chimeno* Action is attached hereto as Exhibit 2) (collectively, "the Actions").[1]

---

[1] A copy of this notice and motion is being contemporaneously filed in the *Reed* Action.

Further, pursuant to Internal Operating Procedure 2.15.00(c), Plaintiff respectfully requests the *Reed* Action be reassigned to Judge Cooke, and, pursuant to Federal Rule 42(a) of Civil Procedure, moves for consolidation of the Actions. In support of his motion, Plaintiff states the following:

<u>**PROCEDURAL BACKGROUND**</u>

On August 25, 2014, an action was filed against Defendants Hollister Co. ("Hollister") and Abercrombie & Fitch Co. ("Abercrombie"), which is pending before Judge Cooke. (*Chimeno* Action, Docket No. 1.) On October 20, 2014, the defendants filed a motion to dismiss or, in the alternative, stay. (*Id.*, Docket No. 22.) On January 20, 2015, the defendants have also moved to stay discovery. (*Id.*, Docket No. 34.) Both motions are fully briefed and pending before this Court.

On April 27, 2015, a similar action against Hollister, asserting substantially the same claims on behalf of the same proposed putative Class, was filed by the undersigned counsel. (*Reed* Action, Docket No. 1.) The *Reed* Action is pending before Judge Martinez. In the interests of convenience and judicial efficiency, Plaintiff now seeks to reassign the *Reed* Action to Judge Cooke and consolidate the Actions.

<u>**ARGUMENT**</u>

**I.  THE *REED* ACTION SHOULD BE REASSIGNED TO JUDGE COOKE.**

The *Reed* Action should be reassigned to Judge Cooke under International Operating Procedure 2.15.00(c) which states that if two actions "involve [the same material] subject matter . . . or . . . appear to entail unnecessary duplication of judicial labor . . . the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned."

While only one criterion needs to be met, both are clearly met here. For reasons further discussed below, the Actions involve the same issues of fact and law, thereby involving the same material subject matter. Both actions accuse Hollister of using an automatic telephone dialing system to send text messages advertising Hollister's products to wireless telephones without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In addition, the classes are essentially the same.[2] Both Class definitions include those individuals who received advertising text messages from Hollister via an automatic telephone dialing system without prior express consent. Furthermore, because the Actions share common issues of fact and law, discovery will be streamlined and non-duplicative. In addition, the Actions will not be subject to inconsistent rulings, and thus the handling of both Actions by the same judge is likely to result in a substantial saving of judicial time and effort.

Accordingly, because the actions share material subject matter and because consolidation would avoid unnecessary duplication of judicial labor, the *Reed* Action should be reassigned to Judge Cooke whom presides over the previously filed *Chimeno* Action.

## II.  THIS COURT SHOULD CONSOLIDATE THE ACTIONS.

The Actions should be consolidated pursuant to Rule 42(a), which provides:

> (a) If actions before the court involve a common question of law or fact, the court may:
>
> > (1)    join for hearing or trial any or all matters at issue in the actions;
> >
> > (2)    consolidate the actions; or
> >
> > (3)    issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

---

[2] *See* Section II, *infra* (discussing the class definitions).

"Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district." *Newman v. Eagle Bldg. Technologies*, 209 F.R.D. 499, 501 (S.D. Fla. 2002) (citing *Hargett v. Valley Fed'l Savings Bank*, 60 F.3d 754, 765 (11th Cir. 1995)).[3] Consolidation only requires the existence of a common question of law or fact. Fed. R. Civ. P. 42(a); *see Hargett*, 60 F.3d at 765-66 ("A trial court may consolidate cases when actions involving a common question of law or fact are pending before the court. The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a).") (internal citations and quotations omitted).

Here, consolidating the Actions would promote convenience and judicial economy. The *Reed* Action asserts the *same* claims against the *same* Defendant over the *same* facts that are already at issue in the *Chimeno* Action pending before this Court. Both Complaints allege that Hollister sent or had sent on its behalf advertising text messages to wireless telephones without prior express consent in violation of the TCPA.

While the Actions are not identical, they are substantially similar. The *Chimeno* Action has a separate count for willful violations, while the *Reed* Action asserts that treble damages are appropriate for willful violations. (*Compare* Ex. 1 ¶50 *with* Ex. 2 ¶¶68-72.) The *Chimeno* Action also names Hollister's parent company, Abercrombie, because the latter owns and operates the websites in the text messages. (Ex. 2 ¶15.) If Abercrombie is involved in or responsible for the transmission of the texts, Plaintiff will add Abercrombie as a defendant to the *Reed* Action. Thus,

---

[3] *But see In re Pinchuk*, 2014 WL 1153027, at *2 (S.D. Fla. Mar. 17, 2014) (raising the issue without deciding whether a case must be pending before the same judge before it can be consolidated).

the respective Complaints contain substantially similar allegations, are brought on behalf of a substantially similar class, and seek the same relief.

Both Complaints arise out of Hollister's alleged unlawful texting activities. Both Complaints allege that Hollister sent or had sent on its behalf advertising text messages to wireless telephones without prior express consent. (Ex. 1, ¶¶1-2, 16-33.; Ex. 2, ¶¶1, 10-37.) Both Complaints allege Hollister sent the texts from the short code 743-722 using an automatic telephone dialing system. (Ex. 1, ¶¶20, 34, 35, 46-48; Ex. 2 ¶40) As a consequence, both Complaints seek statutory damages, costs, and injunctive relief. (Ex. 1 at 11; Ex. 2 at 20.) Accordingly, both Actions focus on Hollister's unlawful texting activities. These are common questions of fact for both Actions.

Although the Complaints' Class definitions are not identical, they are substantially similar. The *Reed* Action seeks to certify the following Class:

> All individuals in the United States who received a nonemergency, unsolicited text message to their wireless telephones from Hollister Co. through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant Complaint through the date of trial (the "Class").

(Ex. 1, ¶37.)

The *Chimeno* Action seeks to certify a Class consisting of:

> All persons within the United States who received a non-emergency telephone call or SMS message[4] from Hollister Co., Abercrombie & Fitch Co., and/or affiliates, subsidiaries, or agents of Hollister Co. and/or Abercrombie & Fitch Co. to a cellular telephone through the use of an automatic dialing system or an

---

[4] The *Chimeno* Complaint refers to the texts as calls presumably because the Federal Communications Commission has deemed text messages to fall within the meaning of a "call." *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("While the TCPA does not define 'call,' the FCC has explicitly stated that the TCPA's prohibition on [automatic telephone dialing systems] 'encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls.' *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).").

artificial or prerecorded voice and who did not provide prior
express consent for such calls or SMS messages.

(Ex. 2, ¶¶47.)

Although worded differently, the Class definitions in both Actions include individuals
who allege that they received text messages from Hollister (or Abercrombie) advertising
Hollister's products, that were sent using an automatic telephone dialing system without prior
express consent. Thus, there are common questions of fact concerning the number of Class
members who are in the putative Class. Moreover, both Actions seek both compensatory and
injunctive relief, and there are common questions concerning damages among those Class
members.

Most importantly, consolidation is likely to result in a substantial savings of judicial time
and effort, as both Actions are subject to disposition in a single proceeding. As the Actions
involve common questions of law and fact, discovery in the Actions will be substantially similar.
Resolution of both the Actions will turn on: (1) whether Hollister engaged in a pattern of sending
unsolicited text messages as alleged herein; (2) the manner in which Hollister compiled or
obtained its list of wireless telephone numbers; (3) the equipment used to dial the numbers; (4)
whether Plaintiffs and the Class are entitled to actual, statutory, or other forms of damages, and
other monetary relief and, in what amount(s); (5) whether Plaintiffs and the Class are entitled to
treble damages based on the willfulness of Hollister's conduct; and (6) whether Plaintiffs and the
Class are entitled to equitable relief, including but not limited to injunctive relief.

Because the Actions assert substantially similar claims against Hollister arising out of the
same facts, the Court should consolidate the Actions.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff Lakedrick Reed, on his own behalf and on behalf of the proposed Class, respectfully requests that the Court enter an Order:

A.  Reassigning the *Reed* Action to this Court pursuant to Internal Operating Procedure 2.15.00(c);

B.  Consolidating the *Reed* Action with the *Chimeno* Action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and

C.  Providing all other and further relief that the Court deems equitable and just.

Dated: May 7, 2015                                                        Respectfully submitted,


                                                                                    By:<u>Scott D. Owens</u>

                                                                                    Scott D. Owens
                                                                                    *scott@scottdowens.com*
                                                                                    Patrick C. Crotty
                                                                                    *patrick@scottdowens.com*
                                                                                    **SCOTT D. OWENS, P.A.**
                                                                                    3800 S. Ocean Drive, Ste. 235
                                                                                    Hollywood, FL 33019
                                                                                    Tel: 954-589-0588
                                                                                    Fax: 954.337.0666

                                                                                    Gregg M. Barbakoff**
                                                                                    *gbarbakoff@siprut.com*
                                                                                    **SIPRUT PC**
                                                                                    17 North State Street
                                                                                    Suite 1600
                                                                                    Chicago, Illinois 60602
                                                                                    312.236.0000
                                                                                    Fax: 312.241.1260

Robert Ahdoot**
*radhoot@ahdootwolfson.com*
Tina Wolfson**
*twolfson@ahdootwolfson.com*
Brad King**
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
310.474.9111
Fax: 310.474.8585

**Pro hac vice* application forthcoming

***Counsel for Plaintiff
and the Proposed Putative Class***

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)</u>

The undersigned, an attorney, hereby certifies that that counsel for the movant has conferred with the counsel for the Defendants Hollister Co. and Abercrombie & Fitch Co. who do not oppose the relief sought herein. Furthermore, the counsel for the plaintiff in the *Chimeno* Action is aware of the Reed Action and, today, filed a motion for appointment of interim co-lead counsel which suggests that counsel does not opposed consolidation. (*See Chimeno* Action, Docket No. 7.)

<u>Scott D. Owens            </u>
Scott D. Owens, Esq.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiff Lakedrick Reed's Notice of Similar Actions and Motion to Reassign and Consolidate** was filed electronically with the Clerk of the Court using the CM/ECF system on this 7th day of May, 2015 which will automatically serve all counsel of record.

<u>Scott D. Owens</u>

Scott D. Owens, Esq

4832-0903-0947, v. 3