UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23120-Civ-COOKE/TORRES

ANAMARIA CHIMENO-BUZZI, and
LAKEDRICK REED, on behalf of
Themselves and all others similarly situated,

      Plaintiffs,

vs.

HOLLISTER CO., and ABERCROMBIE &
FITCH CO.,

      Defendants.

_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

      Plaintiffs Anamaria Chimeno-Buzzi and Lakedrick Reed, on behalf of themselves and all others similarly situated, and Defendants Hollister Co. and Abercrombie & Fitch Co., executed a proposed Settlement Agreement (ECF No. 126-1). Pursuant to the Settlement Agreement, Plaintiffs filed a motion for Preliminary Approval of Class Settlement and Incorporated Memorandum of Law ("Motion for Preliminary Approval") (ECF No. 126). Having carefully considered the Motion for Preliminary Approval, the Settlement Agreement, and submissions in support of preliminary approval of the settlement, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

      1.    <u>Defined Terms</u>. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement (ECF No. 126-1).

      2.    <u>Stay of the Action</u>. Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby **STAYED**.

      3.    <u>Provisional Class Certification for Settlement Purposes Only</u>. The Court provisionally finds, for settlement purposes only and conditioned upon the entry of this

1

Order, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

   4. <u>Class Definition</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for settlement purposes only, a Class consisting of all persons in the United States who received one (1) or more text messages sent by or on behalf of Abercrombie & Fitch Stores, Inc., Hollister Co., Abercrombie & Fitch Co., Gilly Hicks, or abercrombie kids, between August 25, 2010 and the date of the issuance of the Preliminary Approval Order. Specifically excluded from the Settlement Class are the following Persons: (a) Defendants, Defendants' officers, Defendants' directors, and their immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and their immediate family members. For purpose of this Settlement, "United States" means all fifty States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the other territories and possessions of the United States.

   5. <u>Class Representatives and Class Counsel</u>. Plaintiffs Anamaria Chimeno-Buzzi and Lakedrick Reed are designated as representatives of the provisionally certified Class. The Court preliminarily finds that they are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representatives. Robert R. Ahdoot and Tina Wolfson, of Ahdoot & Wolfson, PC; David P. Milian and Frank S. Hedin of Carey, Rodriguez, Milian, & Gonya, LLP; and Joseph J. Siprut, of Siprut, PC, whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings, are hereby designated as Class Counsel.

6. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Settlement Agreement and the settlement it incorporates, appears fair, reasonable and adequate. *See generally* Fed. R. Civ. P. 23. Accordingly, the Settlement Agreement is preliminarily **APPROVED** and is sufficient to warrant sending notice to the Class.

7. <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8. <u>Fairness Hearing</u>. The Fairness Hearing shall be held no earlier than seventy (70) days after the Notice Date and subject to 28 U.S.C. §1715(d). Thus, a Fairness Hearing shall be held before this Court on March 30, 2016, at 11:30 a.m. at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, Room 11-2, 400 North Miami Avenue, Miami, Florida 33128, to determine whether the settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e). The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and incentive awards for Plaintiffs (the "Fee Application") at that time. Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth below. The Fairness Hearing, may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

9. Class Counsel shall file their papers in support of final approval of the Settlement Agreement seven (7) days prior to the Fairness Hearing.

10. Class Counsel shall file their Fee Application on or before fourteen (14) days prior to the Opt-Out and Objection Date (deadline to Opt-Out or Object to the Settlement).

11. Objections to the Settlement Agreement or the Fee Application shall be filed with the Court on or before forty-five (45) days after the Notice Date, and papers in response to objections to the Settlement Agreement or the Fee Application shall be filed with the Court on or before seven (7) days prior to the Fairness Hearing.

12. <u>Administration</u>. In consultation with and with the approval of Defendants, Class Counsel is hereby authorized to establish the means necessary to administer the proposed settlement and implement the claim process, in accordance with the terms of the Settlement Agreement. Pursuant to the Settlement Agreement, the Court appoints Epiq Systems, Inc. to be the Settlement and Notice Administrator to help implement the terms of the Settlement Agreement.

13. <u>Class Notice</u>. The form and content of the proposed Long Form Notice is attached as Attachment 7 to the Declaration of Cameron R. Azari On Settlement Notice Plan and Notices ("Settlement Administrator Declaration"), filed on November 10, 2015 in this Action. (ECF No. 128). The Summary Notice, in the form prepared for E-mail, postcard for U.S. Mail, and print publications are attached to the Settlement Administrator Declaration as Attachments 3 to 5, respectively. The notice methodology or notice plan described in the Settlement Agreement and the Settlement Administrator Declaration, are hereby **APPROVED**.

 a. <u>Summary Notice</u>. The Summary Notice shall be disseminated as described in the Settlement Administrator Declaration and comprise of an E-mail Notice, a Double Post Card Notice, a Publication Notice, and Banner Advertisements, all of which shall be in a form substantially similar to the documents attached to the Settlement Administrator Declaration as Attachment 3 to Attachment 6, respectively.

 b. <u>Settlement Website</u>. Class Notice will include the Settlement Website. Before the dissemination of the Class Notice, the Settlement Administrator shall establish an Internet website, www.aftcpasettlement.com, that shall inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines and related information. The Settlement Website shall be easily accessible through commonly used Internet Service Providers for the submission of claims. The website shall include, in .pdf format, materials agreed upon by the Parties, and will include (and make available for download) the electronic copies of the First Amended Class Action Complaint filed on May 29, 2015, Long Form Notice, Claim Form, Settlement Agreement, and Motions in support of and in relation to the Settlement. The Internet website shall be designed to permit Settlement Class Members to readily and easily submit Claims and obtain information about the Settlement Class Members' rights and options under the Settlement Agreement

and this Addendum. The Settlement Website shall be maintained continuously until after the entire Net Settlement Fund is distributed to the Settlement Class Members or until such a time that the Settlement Agreement is terminated pursuant to its terms. The Settlement Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them.

      c.     <u>Toll-Free Telephone Number</u>. Class Notice will include a toll free telephone number. Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members, pursuant to the terms and conditions of the Settlement Agreement.

      d.     <u>Dissemination</u>. Within thirty (30) days after the entry of the Preliminary Approval Order, the Parties will coordinate with the Settlement Administrator to provide notice to the Class as follows:

      i. Publishing, on or before the Notice Date, the Long Form Notice on the Settlement Website and the Summary Notice as set forth in the Settlement Administrator Declaration;

      ii. Establishing the toll-free number through which Settlement Class Members may obtain information about the Action and the Settlement and request a mailed copy of the Long Form Notice and / or the Claim Form; and

      iii. In accordance with the notice plan set forth in the Settlement Declaration, this Preliminary Approval Order, and the Settlement Agreement.

      e.     <u>Notice Date</u>. As soon as possible after the entry of this Order, but not later than thirty (30) days after the entry of this Order, the Settlement Administrator shall provide notice to the Settlement Class pursuant to the terms of the Settlement Agreement, in accordance with the notice program or notice plan set forth in the Settlement Administrator Declaration. The Parties shall coordinate with the Settlement Administrator to provide notice to the Settlement Class pursuant to terms therein.

      f.     <u>Findings Concerning Notice</u>. The Court finds that the Settlement is fair and reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to the Settlement Agreement and this Order.

        g.      <u>Notice actions</u>. The Court finds that the form, content and method of disseminating notice to the Class as described in Settlement Administrator Declaration and this Order: (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, and is reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class; (ii) complies with Rule 23(e) as it is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

        h.      <u>Claim Forms</u>. The Claim Form shall be made available to the Settlement Class Members on the Settlement Website, upon request, and with the Double Post Card Notice. The Claim Form shall be in a form substantially similar to the Claim Form attached as Attachment 4 to the Settlement Administrator Declaration, and which shall inform the Class Member that he or she must fully complete and timely return the Claim Form prior to the Claim Deadline to be eligible to obtain relief pursuant to the Settlement Agreement.

        i.      <u>Deadline to Submit Claim Forms</u>. Class Members will have up to and including one hundred and twenty (120) days after the Notice Date, to submit their Claim Forms, which is due, adequate, and sufficient time.

    14.    <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter including their (a) full name; (b) current address; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be

6

excluded from any judgment entered pursuant to the Settlement; (d) their signature; and (e) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or a group be excluded. "Mass" or "class" opt-outs are not permitted. Any request for exclusion or opt out must be postmarked on or before forty-five (45) days after the Notice Date. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defense Counsel. The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than seven (7) days before the Fairness Hearing. If the proposed Settlement is finally approved, any potential Settlement Class Member who has not submitted a timely written request for exclusion from the Settlement Class, shall be bound by all terms of this Settlement Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement, even if the potential Settlement Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parsons relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Settlement Class Members and shall relinquish their rights or benefits under the Settlement Agreement, should it be approved, and may not file an objection to the Settlement.

      15.    <u>Objections and Appearances</u>. Settlement Class Members may object to the terms contained in the Settlement Agreement, the certification of the Settlement Class, the entry of the Final Order and Judgment, the amount of fees and expenses requested by Class Counsel, and/or the amount of the service awards requested by the representative Plaintiffs, by filing a written objection with the Court through the Court's Case Management/Electronic Case Files ("CM/ECF") system (or through any other method in which the Court will accept filings, if any), and serving by U.S. Mail or e-mail the written objection upon the Settlement Administrator, Class Counsel, and Defense Counsel. Settlement Class Members who fail to file with the Court and serve upon the Settlement Administrator, Class Counsel, and Defense Counsel (as defined in the Settlement Agreement) timely written objections in the manner specified in the Settlement Agreement

7

and the Class Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

   a. Any Settlement Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to timely filing the written objection with the Court, send the written objection by U.S. mail (to the mailing address specified in the Class Notice) or e-mail (to the e-mail address specified in the Class Notice) to the Settlement Administrator and send by U.S. mail or e-mail a copy to Class Counsel and Defense Counsel at the address set forth below postmarked no later than forty-five (45) days after the Notice Date. Settlement Class Members who object must set forth their (a) full name, (b) current address, (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing; (e) their signature; and (f) the case name and case number of the Action. Objections must be served:

    i. <u>Upon Class Counsel at:</u>

     Robert R. Ahdoot
     AHDOOT & WOLFSON, PC
     1016 Palm Avenue
     West Hollywood, California 90069
     E-mail: rahdoot@ahdootwolfson.com

     Frank S. Hedin
     CAREY RODRIGUEZ MILIAN GONYA, LLP
     1395 Brickell Avenue, Suite 700
     Miami, Florida 33131
     E-mail: Fhedin@careyrodruguez.com

     Joseph J. Siprut
     SIPRUT PC
     17 North State Street, Suite 1600
     Chicago, Illinois 60602
     E-mail: jsiprut@siprut.com

    ii. <u>Upon Defense Counsel at:</u>
     Meredith Slawe
     DRINKER, BIDDLE & REATH, LLP
     ONE Logan Square
     Suite 2000
     Philadelphia, Pennsylvania 19103
     E-mail: Meredith.Slawe@dbr.com

b. Objecting Settlement Class Members must state in writing all objections and the reasons for each objection, and state whether the objecting Settlement Class Member intends to appear at the Fairness Hearing either with or without separate counsel. No member of the Settlement Class shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting Settlement Class Member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court pursuant to the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) and served on the Settlement Administrator, Class Counsel, and Defense Counsel on or before forty-five (45) days after the Notice Date. Objections that are mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

16. <u>Preliminary Injunction</u>. Pending final determination of whether the proposed settlement should be approved, all Plaintiffs and Settlement Class Members and their representatives, or any of them, who do not timely and properly exclude themselves from the Settlement Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Released Persons in any court or tribunal asserting any of the Released Claims, and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Released Persons as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a

pending action in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

17.     <u>Summary of Deadlines</u>. In summary, the deadlines set by this Order are as follows:

a.     The Long Form Notice shall be published within thirty (30) days after the entry of this Order;

b.     The Summary Notice shall be published within thirty (30) days after the entry of this Order;

c.     Motion in support of the Final Approval of the Settlement shall be filed on or before seven (7) days prior to the Fairness Hearing;

d.     Class Counsel shall file their Fee Application on or before fourteen (14) days prior to the Opt-Out and Objection Date;

e.     Settlement Class Members who desire to be excluded shall submit requests for exclusion postmarked (or the equivalent for e-mail) no later than forty-five (45) days after the Notice Date;

f.     All written objections to the Settlement Agreement and written notices of the objecting class member's intention to appear at the Fairness Hearing shall be filed with the Court and served on Class Counsel and Defense Counsel no later than forty-five (45) days after the Notice Date;

g.     All documents in support of final approval of the Settlement Agreement, and in response to objections to the Settlement Agreement or the Fee Application, shall be filed with the Court on or before seven (7) days prior to the Fairness Hearing; and

h.     The Fairness Hearing shall be held on March 30, 2016, at 11:30 a.m.

18.     <u>Termination of Settlement</u>. In the event the Court does not grant final approval to the settlement, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is

terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

  a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

  b. The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made;

  c. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Defendants or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action;

  d. Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action; and

  e. All of the Court's prior Orders having nothing whatsoever to do with the settlement shall, subject to this Order, remain in force and effect.

  19. <u>Use of Order</u>. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, they or it may have in this Action or in any other lawsuit.

  20. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement

that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

21. <u>Retaining Jurisdiction</u>. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class, and for any other necessary purpose.

22. <u>Extension of Deadlines</u>. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class. Class Members must check the settlement website (www.aftcpasettlement.com) regularly for updates and further details regarding extensions of these deadlines.

23. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**DONE and ORDERED** in chambers, Miami, Florida, this 18TH day of December 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*