**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| ANAMARIA CHIMENO-BUZZI, and LAKEDRICK REED, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLISTER CO., and ABERCROMBIE & FITCH CO.,<br><br>Defendants. | ) | Case No. 14-cv-23120-MGC<br><br>Hon. Marcia G. Cooke, Presiding<br><br>Hon. Magistrate Edwin G. Torres |

**DECLARATION OF ROBERT AHDOOT IN SUPPORT OF PLAINTIFFS' APPLICATION TO AWARD FEES, COSTS AND SERVICE AWARDS**

I, Robert Ahdoot, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly admitted to practice law in the state of California and have been admitted *pro hac vice* in the instant action. I am a founding member of Ahdoot & Wolfson, PC ("AW") and (one of the Co-Lead) Class Counsel appointed by the Court in the above-captioned case (the "Action"). I submit this declaration in support of Plaintiffs' Application to Award Fees, Costs and Service Award (the "Fee Petition"), filed concurrently herewith. The facts herein stated are true of my own personal knowledge, or I am informed and believe them to be true, and if called to testify to such facts, I could and would do so competently.

2. Our firm, Ahdoot & Wolfson, PC, has served as class counsel in class action cases throughout the county, including multi district litigations, and has recovered ten of millions of dollars on behalf of consumers and aggrieved parties. A true and correct copy of our firm's Curriculum Vitae is attached hereto as **Exhibit A** to this declaration.

3. I, along with Co- Class Counsel, have been closely involved in prosecuting this litigation.

4. To support the Parties' hard-fought motion practice outlined above, this case necessitated extensive investigation and discovery. Prior to the filings of the Complaints in this matter, all Plaintiffs' firms conducted substantial pre-filing investigation into the alleged wrongful conduct of Defendants, which included interviews with individuals subject to the robo-texts, the possibility of consent, and factual on-line and technological investigation.

5. Following the commencement of litigation, on October 30, 2014, the Parties participated in substantial amount of discovery as reflect by the Court's docket on this case. Plaintiff served initial disclosures pursuant to Rule 26(a)(1). On November 26, 2014, the First Set of Interrogatories and First Requests for Production of Documents were served on Defendants. Plaintiffs also served two separate subpoenas to testify at deposition on Neustar, Inc., subpoenas for production of documents on HelloWorld and cellular telephone carriers, and noticed the depositions of a number of individuals affiliated with Defendants.

6. Following the Court's granting of the Motions to Compel discovery, Defendants provided supplemental objections and responses to the Interrogatories and produced voluminous amounts of documents, ultimately producing nearly 20,000 pages of documents, all of which were carefully reviewed by Plaintiffs' Counsel.

7. While Defendants' Motion to Dismiss and Plaintiffs' Motion to Compel the Filing of an Answer were pending, the Parties participated in a mediation before Honorable Wayne R. Anderson (Ret.) on July 22, 2015. Negotiations were contentious and the Parties were unable to reach the Settlement following a full day of mediation. Thereafter, following a number of settlement discussions over the course of the next ten days, the Parties were able to reach a settlement in principal.

8. After the parties reached a settlement in principal, the parties then began memorializing the full Settlement, which generated numerous additional rounds of comprehensive and often spirited negotiations. The parties extensively negotiated each aspect of the Settlement, including the Settlement Agreement itself, the Supplement to the Settlement Agreement, and each of the eight exhibits and attachments filed with the Supplement. For example, counsel negotiated and

meticulously refined the notice program and each document comprising the notice (the Long Form Notice, Summary Notice, and Banner Ads), with the assistance of a class action notice expert, to ensure that the information disseminated to Class Members is clear and concise.

9. In connection with the submission of our Fee Petition, I compiled and reviewed the billing records for work performed by Ahdoot & Wolfson, PC and reviewed the accounting of work performed as submitted by Liasion Counsel, Scott D. Owens. In total, and as set forth in more detail in the table below, my firm expended 438.8 hours prosecuting this matter. In addition, my firm expended $4,378.63 in costs associated with postage, mediation, travel, and filing fees. The attorneys fees expended were performed by the following attorneys (the experience level of each attorney is set forth in Exhibit A attached hereto):

| **Attorney** | **Hours** |
|---|---|
| Tina Wolfson | 173.4 |
| Robert Ahdoot | 202 |
| Bradley King | 36.6 |
| Meredith Lierz | 26.8 |

10. I am informed and based on my review of the pleadings and documents relating to this matter, believe that Liaison Counsel, Scott D. Owens, expended 80 hours and $670 in costs in relation to this matter.

11. Class Counsel have represented Plaintiffs and the Class on a purely contingent basis. Class Counsel assumed the significant risk that they would not be compensated for time and out of pocket expenses put into this litigation. This risk of nonpayment incentivized all Class Counsel to work efficiently, to prevent duplication of effort, and to advance expenses responsibly.

12. Class Counsel had to forgo the representation of other clients and other cases in order to prosecute this litigation.

13. I believe that my firm and other Class Counsel assumed significant risk of nonpayment in initiating and dedicating over 2000 attorney hours in this case given the legal issues involved and Defendant's vigorous defense of Plaintiffs' liability theory.

14. The tasks Class Counsel were required to perform in order to achieve the beneficial results of the Settlement included:

- Conducting extensive pre-filing and post-filing investigations, research, and legal analysis regarding Plaintiffs' claims and the claims of the Class;
- Preparing, filing and serving the Class Action Complaint;
- Moving for class certification and filing related briefing;
- Conferring with opposing counsel to prepare and file a Joint Scheduling Report;
- Preparing and serving initial disclosures on Defendants;
- Effectively opposing Defendant's motion to dismiss or to stay the litigation based on pending FCC petitions and the primary jurisdiction doctrine;
- Moving to strike materials attached to Defendants' motion to dismiss or to stay, and filing related briefing;
- Obtaining substantial class and merits focused discovery, including over 20,000 pages of documents and massive electronic databases, through the effective use of numerous interrogatories and requests for production, and thoroughly reviewing each page of these documents;
- Serving subpoenas for the production of documents and to testify at deposition on Neustar, Inc., HelloWorld and various cellular telephone carriers;
- Noticing the depositions of numerous individuals affiliated with Defendants, and filing motions to compel these individuals to appear for their depositions;
- Numerous telephonic conferences and written correspondence with Defendants' counsel concerning the nature and scope of discovery and the sufficiency of Defendants' discovery responses;
- Successfully moving to compel Defendants' production of discovery;
- Successfully opposing Defendants' motion to stay discovery;

- Moving to compel Defendants to answer the complaint, and filing related briefing;
- Filing numerous motions for leave to file sur-replies, accompanied by proposed sur-replies;
- Filing numerous notices of supplemental authority;
- Effectively coordinating the consolidation of the *Chimeno-Buzzi* action with the *Reed* action, and quickly reaching an agreement between Class Counsel's three law firms to jointly prosecute this action on behalf of the class;
- Successfully moving for leave to file an amended, consolidated complaint on behalf of Chimeno-Buzzi and Reed;
- Preparing an opposition to Defendants' renewed motion to dismiss or to stay the first amended class action complaint;
- Successfully moving for appointment of interim co-lead class counsel;
- Attending an eight-hour in-person mediation with a retired federal district judge; and
- Conducting extensive arm's length settlement negotiations that culminated in a comprehensive settlement agreement.

15. Despite these risks, my firm, along with other Class Counsel, was able to successfully resolve this case through a settlement that confers substantial monetary relief to Settlement Class Members despite litigating against a well-financed Defendants employing top-tier counsel from a national law firm.

16. My firm, Ahdoot & Wolfson, PC, is maintains simultaneously kept time records that reflect the time spent working on the instant action.

17. 13. As Co-Lead Class Counsel, I have made a conscious effort to minimize the duplication of work, both by avoiding multiple attorneys working on the same assignment and by adjusting time records that I deemed unnecessary or duplicative.

18. Based on my experience, I anticipate that approximately fifty hours of additional attorney time will be required through final approval and administration of the settlement, should it

be approved by the Court. The attorneys handling this matter must prepare for and attend the final fairness hearing, continue to communicate with Plaintiffs and Class Members, and otherwise supervise the administration of the settlement.

19. Representative Plaintiffs, Chimeno-Buzzi and Reed, demonstrated a willingness to participate and undertake responsibilities and risks attendant with bringing a representative action. Both Representative Plaintiffs aided in the investigation of the claims, consulted with counsel, reviewed draft pleadings, participated in formal and informal discovery, and contributed to settlement efforts. In addition to lending their names to this matter, and thus subjecting themselves to significant public attention, Plaintiffs were actively engaged in this action. Among other things, they (1) provided information, including cellular telephone records and screenshots of their cellular telephones, to Class Counsel for preparing the complaints and other filings; (2) reviewed pleadings and filings; (3) communicated on a regular basis with Class Counsel to stay apprised of the progress of the litigation and settlement negotiations; and (4) reviewed and approved the Settlement Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of February 2016 at West Hollywood, California.

Robert Ahdoot

# EXHIBIT A

AW

# AHDOOT & WOLFSON, PC

ATTORNEYS

Ahdoot & Wolfson ("AW") is a top tier law firm specializing in complex and class action litigations. The attorneys at AW vigorously litigate against large corporations to vindicate the rights of millions of consumers in protracted, complex litigation, to successful results.

AW has been appointed class counsel in numerous class actions, and, as a founding members, Robert Ahdoot and Tina Wolfson have extensive experience in prosecuting complex class action and representative lawsuits. They have served as plaintiffs' counsel/co-counsel or class counsel and litigated numerous class actions or representative actions.

Tina Wolfson attended and graduated Harvard Law School *cum laude* in 1994. Ms. Wolfson began her civil litigation career at the Los Angeles office of Morrison & Foerster, LLP, where she defended major corporations in complex actions and represented indigent individuals in immigration and deportation trials as part of the firm's *pro bono* practice. She then gained further invaluable litigation and trial experience at a boutique firm, focusing on representing plaintiffs on a contingency basis in civil rights and employee rights cases.

Robert Ahdoot graduated from Pepperdine Law School *cum laude* in 1994, where he served as Literary Editor of the Pepperdine Law Review. Mr. Ahdoot clerked for the Honorable Paul Flynn at the California Court of Appeals, and then began his career as a civil litigator at the Los Angeles office of Mendes & Mount, LLP, where he defended large corporations and syndicates such as Lloyds of London in complex environmental and construction-related litigation as well as a variety of other matters. In March 1998, Mr. Ahdoot and Tina Wolfson founded AW.

AW is comprised of eight attorneys and their support staff. As required, partners Theodore Maya and Bradley King, and associate Meredith Lierz will also participate in this litigation.

Theodore Maya is a partner at AW working on this matter. He graduated from UCLA Law School in 2002 after serving as Editor-in-Chief of the UCLA Law Review.

From July 2003 to August 2004, Mr. Maya served as Law Clerk to the Honorable Gary Allen Feess in the United States District Court for the Central District of California. Mr. Maya was also a litigation associate in the Los Angeles offices of Kaye Scholer LLP for approximately eight years where he worked on a large variety of complex commercial litigation from inception through trial. Mr. Maya was named "Advocate of the Year" for 2007 by the Consumer Law Project of Public Counsel for successful pro bono representation of a victim of a large-scale equity fraud ring.

Bradley King is another partner at AW working on this matter. Mr. King graduated from Pepperdine University School of Law, where he served as Associate Editor of the Pepperdine Law Review. He worked as a law clerk for the California Office of the Attorney General, Correctional Law Section in Los Angeles and was a certified law clerk for the Ventura County District Attorney's Office. Mr. King began his legal career at a boutique civil rights law firm, gaining litigation experience in a wide variety of practice areas, including employment law, police misconduct, municipal contract, criminal defense, and premises liability cases.

Meredith Lierz is an associate at AW working on this matter. Ms. Lierz graduated from Southwestern Law School *magna cum laude*, where she served as Lead Articles Editor of the Southwestern Law Review. She concurrently completed her M.B.A. from Claremont Graduate University. Ms. Lierz assisted indigent individuals in immigration matters on a *pro bono* basis at Public Counsel before joining AW.

AW has been appointed lead counsel in numerous complex consumer class actions, sometimes in contested leadership applications. The following actions are some examples of recently resolved or pending class actions which AW has litigated or is currently litigating on behalf its clients:

- *Philliben, et al. v. Uber Technologies, Inc., et al.* ____ ($28.8 Million Settlement (plus injunctive relief and other benefits to the proposed Settlement Class) pending Court approval)
- *In re Experian Data Breach Litigation*, Case No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (appointed co-lead counsel after contested application and hearing in consolidated litigation consisting of thirty-eight class actions).
- *In re: Kind LLC "All Natural" Litig.*, No. 1:15-md-02645-WHP (S.D.N.Y.) (appointed lead by MDL Court after contested hearing).
- *In Re: U.S. Office of Personnel Management Data Security Breach Litigation*, No. 1:15-mc-01394-ABJ (D.D.C.) (currently serving, by court appointment, on MDL Plaintiffs' Steering Committee after contested Leadership Application and

hearing).

- *In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, Case No. 15-md-02633-SI (D. Or.) (currently serving, by court appointment, on the Executive Leadership Committee).
- *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.) (currently serving, by court appointment, on the Consumer Plaintiffs' Steering Committee).
- *In re Uber FCRA Litig.*, Case No. 3:14-cv-05241-EMC (N.D. Cal.). (AW, as interim co-lead counsel by appointment of Judge Edward Chen, defeated the defendants' motion to compel arbitration, and won a motion to compel the defendant to disseminate clearer notices and easier opt-out procedures with respect to its newly revised arbitration agreement; AW is defending both decisions on appeal in the Ninth Circuit).
- *In re: Target Corporation Customer Data Security Breach Litigation*, Case No. 14-md-2522 (D. Minn.) (AW contributed considerable effort to vetting hundreds of potential class representatives, legal research involving the different state laws in play, the consolidated complaint, and significant discovery efforts).
- *Remijas, et al. v. Neiman Marcus Group, LLC*, Case No. 14-cv-1735 (N.D. Ill.) (AW, as co-lead counsel, was responsible for briefing and arguing the groundbreaking appeal from the trial court's order in, which granted the motion to dismiss on the pleadings based on lack of Article III standing. The Seventh Circuit's landmark opinion was its first to address the Supreme Court's decision in *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138 (2013). The *Neiman Marcus* opinion was the first appellate court to reject this view of *Clapper* and, adopting the plaintiff's reasoning, established, among other things, that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. *Remijas v. Neiman Marcus*, Case No. 14-3122 (7th Cir. July 20, 2015) (reversed and remanded).
- *In Re: Hain Celestial Seasonings Products Consumer Litigation*, Case No. 13-cv-01757-AG-AN (C.D. Cal.) (appointed co-lead counsel after contested application).
- *In re: Whole Foods Market, Inc., Greek Yogurt Marketing and Sales Practices Litigation*, Case No. 1:14-MC-02588-SS (W.D. Tex.) (appointed co-lead counsel by the MDL court).
- *Lavinsky vs. City of Los Angeles*, Case No. BC542245 (LASC) (challenging allegedly illegal utilities taxation practices; appointed Class Counsel after

certifying the Class).

- *Pappas v. Naked Juice Co. of Glendora, Inc.*, Case No. 2:11-cv-8276-JAK-PLA (C.D. Cal.) (appointed co-lead counsel after contested application; resulted in the second largest food false advertising case ever ($9 Million fund)).
- *Kirby v. McAfee, Inc.*, Case No. 14-cv-02475-EJD (N.D. Cal.) (challenging the defendant's auto renewal and false discount practices).
- *Trammell v. Barbara's Bakery, Inc.*, Case No. 3:12-cv-02664-CRB (N.D. Cal.) ($4 Million nationwide settlement of food false advertising case).
- *Cassidy v. Reebok International Ltd.*, Case No. 2:10-cv-09966-AHM (C.D. Cal.) ($25 Million nationwide settlement of apparel false advertising case).
- *Carey v. New Balance Athletic Shoe, Inc.*, Case Nos. 1:11-cv-10632-LTS & 1:11-cv-10001-LTS (D. Mass.) ($3.7 Million nationwide settlement of apparel false advertising case).
- *West v. ExamSoft Worldwide Inc.*, Case No. 14-cv-22950-UU (S.D. Fla.) ($2 Million nationwide settlement preliminarily approved arising from software error on bar exam).
- *Mirto v. AIG/Granite State Insurance Co. et al.*, Case No. HG 04180408 (Cal. Super. Ct., Alameda Cty.) ($3 Million California settlement re insurance discriminatory pricing).
- *Axen v. Ginco International, et al.*, Case No. 427033 (Cal. Super. Ct., San Francisco Cty. ("SFSC") (injunctive relief settlement re pesticides in Ginseng products).
- *Citizens for Responsible Business v. Rite Aid Corporation, et al.*, Case No. 414831 (SFSC) (prosecuted claims of false and illegal labeling in the herbal supplement industry against 107 retailers and manufacturers, who were gleaning millions of dollars from this nationwide practice; AW was successful in completely eradicating the alleged illegal practice in the United States).
- *Feliciano v. General Motors LLC*, Case No. 14-cv-06374-AT (S.D.N.Y.) (product defect regarding Chevy Cruze vehicles).
- *Brown v. BMW of North America, LLC*, Case No. 3:14-cv-00950-JLS-BLM (S.D. Cal.) (product defect regarding MINI Cooper vehicles; nationwide settlement for all valid claims, uncapped).
- *Weiss v. Los Angeles*, No. BC 141354 (LASC) (challenging the defendant's review of parking violations, won *writ of mandate* trial to stop the allegedly illegal practice).
- *Whalen v. Educational Testing Service*, No. 2:15-cv-04249-ADS-AYS (E.D.N.Y.).

- *A.Y. v. The Regents of the University of California*, Case No. BC590344 (Cal. Super. Ct., Los Angeles Cty. ("LASC")).
- *Bishop v. Shorter University, Inc.*, Case No. 4:15-cv-00033-HLM (N.D. Ga.).
- *Antman v. Uber Technologies, Inc.*, Case No. 3:15-cv-01175-LB (N.D. Cal.).
- *Abad v. Lumber Liquidators, Inc.*, Case No. 2:15-cv-03795-MMM-JPR (C.D. Cal.).
- *Whalen v. Michael Stores Inc.*, No. 2:14-cv-07006-JS-ARL (E.D.N.Y.).
- *Wood v. American Eagle Outfitters, Inc.*, Case No. 1:15-cv-02370-VEC (S.D.N.Y.).
- *Zadeh v. Chase Manhattan Bank, et al.*, Case No. 323715 (SFSC).
- *Steinhaus v. American Express Travel Related Services Co. et al.*, Case No. 416248 (SFSC).
- *Bernard v. MBNA America Bank, et al.*, Case No. 408700 (SFSC).
- *Shakib v. Discover Bank, et al.*, Case No. 416194 (SFSC).
- *Baumsteiger v. FleetBoston, et al.*, Case No. 408698 (SFSC).
- *Lanchester v. Washington Mutual Bank, et al.*, Case No. 429754 (SFSC).
- *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.) (appointed to the Executive Committee in the consolidated action).
- *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.) (appointed to the Executive Committee in the consolidated action).

Additionally, Ms. Wolfson frequently lectures on numerous topics related to class action litigation across the country. An incomplete list of her speaking engagements is as follows:

- Federal Bar Association: The Future of Class Actions, featuring the Hon. Jon Tigar and the Hon. Laurel Beeler, November 2015, San Francisco: "Cutting Edge Topics in Class Action Litigation" (Co-Chair and Faculty, approximately 200 attorneys in attendance).
- American Association for Justice: AAJ 2015 Annual Convention, July 2015, Montreal: "The Mechanics of Class Action Certification."
- HarrisMartin: Data Breach Litigation Conference: The Coming of Age, March 2015, San Diego: "The First Hurdles: Standing and Other Motion to Dismiss Arguments."
- Bridgeport: 2015 Annual Consumer Class Action Conference, February 2015, Miami: Co-Chair.

- Venable, LLP: October 2014, San Francisco: invited by former opposing counsel to present mock oral argument on a motion to certify the class in a food labeling case, Hon. Marilyn Hall Patel (Ret.) presiding.
- Bridgeport: 15th Annual Class Action Litigation Conference, September 2014, San Francisco: "Food Labeling and Nutritional Claim Specific Class Actions" (Co-Chair and Panelist).
- Bridgeport: 2014 Consumer Class Action Conference, June 2014, Chicago: "Hot Topics in Food Class Action Litigation."
- Perrin Conferences: Challenges Facing the Food and Beverage Industries in Complex Consumer Litigations, April 2014, Chicago, where I was invited to discuss cutting edge developments in settlement negotiations, notice, and other topics.
- Bridgeport: Class Action Litigation & Management Conference, April 2014, Los Angeles: "Getting Your Settlement Approved."
- HarrisMartin: Target Data Security Breach Litigation Conference, March 2014, San Diego: "Neiman Marcus and Michael's Data Breach Cases and the Future of Data Breach Cases."
- Bridgeport: Advertising, Marketing & Media Law: Litigation and Best Management Practices, March 2014, Los Angeles: "Class Waivers and Arbitration Provisions Post-*Concepcion / Oxford Health Care*."

Moreover, Mr. Ahdoot also frequently lectures on numerous topics related to class action litigation across the country. An incomplete list of his speaking engagements is as follows:

- HarrisMartin: Lumber Liquidators Flooring Litigation Conference, May 2015, Minneapolis: "Best Legal Claims and Defenses."
- Bridgeport: 15th Annual Class Action Litigation Conference, September 2014, San Francisco: "The Scourge of the System: Serial Objectors."
- Strafford Webinars: Crafting Class Settlement Notice Programs: Due Process, Reach, Claims Rates and More, February 2014: "Minimizing Court Scrutiny and Overcoming Objector Challenges."
- Pincus: Wage & Hour and Consumer Class Actions for Newer Attorneys: The Do's and Don'ts, January 2014, Los Angeles: "Current Uses for the 17200, the CLRA an PAGA."
- Bridgeport: 2013 Class Action Litigation & Management Conference, August 2013, San Francisco: "Settlement Mechanics and Strategy."