**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**



ANAMARIA CHIMENO-BUZZI,
and LAKEDRICK REED, on behalf of
themselves and all others similarly situated,

                Plaintiffs,                Case No. 14-cv-23120-MGC

v.

HOLLISTER CO. and ABERCROMBIE & FITCH CO.,

                Defendants.

---

### OBJECTION OF PATRICK S. SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

---

NOW COMES, Pro Se Objector PATRICK S. SWEENEY, hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief Patrick S. Sweeney ("Objector") has reviewed that certain notice of class action and proposed settlement which is not dated (the "Notice"). As a result, he believes that he is a member of the class, as it is defined in that Notice. He has filed a claim in this matter on or before May 15, 2016 (Claim deadline according to the Notice). His claim confirmation number is RW9XBXDN. His address, e-mail address and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for March 30, 2016 at 11:30 a.m. EST before Honorable Wilkie

D. Ferguson, Jr., at the United States District Court, Courtroom 11-2, 400 North Miami

Avenue, Miami, FL 33128..

# **REASONS FOR OBJECTING TO THE SETTLEMENT**

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1.    Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings.  Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act")  Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2.    No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3.    No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4.  Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5.  The fee calculation is unfair in that the percentage of the settlement amount is far too high. The Objector states that in the 133 docket entries very few entries were substantive in nature. In fact, only the Plaintiff's Complaint(s), Defendant's Answer and Plaintiff's Motion to Approve Settlement and Award Attorney's Fees had any significant legal basis to its content. The remaining docket entries were procedural in nature. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $3,500,000.

    It is also notable that the Settlement was reached in principal in less than one year following the commencement of this action. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs are appropriate in this specific case.

6.  No fee request is reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable cost incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request.

7.  Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the class. Whatever method is used to arrive at determining an appropriate *cy pres* procedure and recipient can be a legitimate discussion between informed parties and therefore appropriate. Allowing the process to be determined solely by Lead Class Counsel is neither appropriate nor consistent with Class Action Policy.

8.  Attorneys' fees are disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above).

9.  There are no estimates or caps on the amount of costs and expenses that Class Counsel intends to request to be paid or reimbursed from the Settlement Fund. Not only should the costs and expenses be estimated as closely as possible but that estimate should be itemized in as much detail as possible. Also, a ceiling needs to be articulated in order to promote efficiency in the claim process. Finally, a final accounting should be submitted to the Court for final approval.

10. The Notice is inadequate in that no alleged violated statutes are referenced, no briefing schedule is included and that an Objector's only remedy is to

write a letter/brief setting forth objections. At the very least, the Settlement should require the Defendants to admit or deny certain facts regardless of whether they admit to any specific violation of the Telephone Consumer Protection Act. These admissions, although not sufficient for any type of adjudication, are appropriate as a substantial penalty to the Defendant. Furthermore, identifying, articulating and admitting to the specific actions, will act as a deterrent to this Defendant and others who might contemplate committing the specified acts in the future.

11.   The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1.   Sustain these Objections;

2.   Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3.   Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

Patrick S. Sweeney, Pro Se
2590 Richardson Street
Madison, WI  53711
310-339-0548
patrickshanesweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Southern District of Florida by

sending this document via U.S. First Class Mail so that this document would be postmarked within the timeframe described in the Notice published in this case. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via U.S. First Class Mail to the counsel as describe below in accordance with the Notice.


CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
United States District Courthouse
400 North Miami Avenue
Miami, FL 33128


Settlement Administrator
P.O. Box 3656
Portland, OR 97208-3656


Meredith Slawe, Esquire
DRINKER, BIDDLE & REATH, LLP
ONE Logan Square
Suite 2000
Philadelphia, PA 19103


CLASS COUNSEL
Robert R. Ahdoot, Esquire
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069


Frank S. Hedin, Esquire
CAREY RODRIGUEZ MILIAN GONYA, LLP
1395 Brickell Avenue
Suite 700
Miami, FL   33131


Joseph J. Siprut Esquire
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL 60620

Signed by: _____
Patrick S. Sweeney

MILWAUKEE WI 530

01 MAR 2016 PM 5 L

RECEIVED

USMS
INSPECTED

SWEENEY
2500 RICHARDSON ST
MADISON WI 53711

CLERK OF COURT
Wilkie D. Ferguson, JF
UNITED STATES DISTRICT COURTHOUSE
400 NORTH MIAMI Avenue
Miami, FL 33128

33128771699