**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| ANAMARIA CHIMENO-BUZZI, and LAKEDRICK REED, on behalf of themselves and all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> HOLLISTER CO., and ABERCROMBIE & FITCH CO., </br></br> Defendants. | Case No. 14-cv-23120-MGC </br></br> Hon. Marcia G. Cooke, Presiding </br></br> Hon. Magistrate Edwin G. Torres |

**PLAINITIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY FROM OBJECTORS
MOLLY O'KEEFE AND PATRICK S. SWEENEY, AND FOR EXPEDITED BRIEFING**

Plaintiffs Anamaria Chimeno-Buzzi and Lakedrick Reed respectfully request leave of Court to take discovery from objectors Molly O'Keefe and Patrick S. Sweeney, and further request an expedited briefing schedule on this motion.[1]

**BACKGROUND**

On December 18, 2015, the Court entered an Order (D.E. 129) granting preliminary approval of the Settlement Agreement (D.E. 126-1). The Order scheduled a final fairness hearing for **March 30, 2016 at 11:30 AM. The Order also requires that all pleadings in support of Final Approval of the Settlement, including the Final Approval Motion, must be filed no later than March 23, 2016.**

On February 29, 2016, Molly O'Keefe filed an objection to the Settlement Agreement. (D.E. 134). On or about March 7, 2016, Patrick Sweeney filed an objection to the Settlement

---

[1] Contemporaneously with the filing of this motion, Plaintiffs are filing an opposition in response to the objections of Molly O'Keefe and Patrick Sweeney.

Agreement. (D.E. 134). Both of these individuals are either represented by or are serial objectors to class action settlements.

Out of the potential 3.7 million members in this TCPA Settlement Class, and tens of thousands of class members who have made claims thus far, Plaintiffs are aware of only two potential objections filed by serial objectors O'Keefe and Sweeney. Plaintiffs are also today filing an opposition in response to the objections of O'Keefe and Sweeney but also reserve the right to supplement such arguments in the Motion for Final Approval after taking discovery from O'Keefe and Sweeney.

## ARGUMENT

Ideally, objectors can serve a valuable purpose by pointing out potential deficiencies in proposed class action settlements. However, some objectors appear in a class action solely to attempt to hold up good settlements in order to secure benefits for themselves:

> [A]ll too frequently, objectors and their counsel see an opportunity to extract money from the parties or class counsel, whose efforts brought about the settlement, by threatening to upset or seriously detour the settlement. Objectors make arguments that are groundless yet sufficient to delay the settlement approval process for months or years unless class counsel or the parties agree to "buy off" the objector or the objector's counsel. Objector tactics can prove lucrative because the other parties may prefer to "buy off" the objectors rather than suffer the delay and additional expense necessary to defeat the objection.

Bruce Greenberg, Keeping the Flies Out of the Ointment: Restricting Objectors to Class Action Settlements, 84 ST. JOHN'S LAW REV. 949, 950 (2010); *see also In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011) ("most if not all of the Objections are motivated by things other than a concern for the welfare of the settlement class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto.").

Therefore, discovery from objectors is proper, and often granted. *See In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772, at *2 (N.D. Cal. 2013) ("[W]hile absent class members are not normally included in discovery, Objectors have voluntarily inserted themselves into this action, and as such, depositions of the Objectors are relevant and proper."). In a situation very similar to that presented here, the court in *In re Cathode Ray Tube (CRT) Antitrust Litigation* ordered an objector to appear for a deposition and to produce documents:

> [Objector] Hull voluntarily appeared in this litigation by objecting to the…Settlement and was served with a subpoena, and is properly subject to discovery. The information sought by IP Plaintiffs, including the bases for Hull's objection and his claimed standing to object, are clearly relevant to the Settlement now before the Court. …The requests for documents focus solely on the objector's standing, the bases for his current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him. As such, the requested information and documents are relevant, needed and reasonably narrowly tailored.

281 F.R.D. 531, 533 (N.D. Cal. 2012).

Like the plaintiff in *Cathode Ray Tube*, Plaintiffs here seek information regarding the basis for O'Keefe's and Sweeney's standing and the basis for their objections, as well as information regarding O'Keefe's relationship with her counsel. Specifically, there are serious questions whether O'Keefe and Sweeney are even Settlement Class Members, especially given that the sole basis for Sweeney's alleged standing is that he merely "believes" he is a Settlement Class Member—parroting the identical vague contention made in other class settlements in which Sweeney objected. Sweeny's Objection fails to identify his cell phone number where Defendants' text messages would have allegedly been sent or any other evidence suggesting he is a member of the Class (*see* D.E. 136 at 1). Further, Sweeney abjectly failed to timely serve or file the objection pursuant to this Court's Order (D.E.129).

Discovery is further warranted to determine (1) what, if anything, O'Keefe and Sweeney personally know about this litigation; (2) whether Sweeney and O'Keefe have any good faith basis for their objections; (3) whether Sweeney and O'Keefe have any evidence in support of their objections; (4) what motivated Sweeney and O'Keefe to object; (5) whether O'Keefe's counsel, who previously represented Ms. O'Keefe's mother in objecting to another TCPA class action settlement with nearly identical boiler plate objections, *see Couser v. Comenity Bank*, Case No. 12-CV-02484-MMA-BGS (S.D. Cal.) (D.E. 70-71, 73), is the driving force behind the scenes in this case without any input or good faith basis for objecting by O'Keefe; and (6) what O'Keefe knows about the result of her mother's previous and nearly verbatim objection in *Couser*, which was voluntarily withdrawn after mediation.

This information is relevant and a deposition on these issues is proper. *See In re Netflix Privacy Litig.*, 2013 WL 6173772, at *2 (deposition of an objector is particularly warranted where it is used to "seek information regarding the objector's standing, the bases for the objections, his role in objecting to this and other class settlements, and his relationships with the counsel that may affect the merits of the objection.").

The final fairness hearing in this matter is scheduled for **March 30, 2016 at 11:30 AM (D.E. 129 at paragraph 8)**. To be meaningful, discovery relating to the objections must be completed in advance of that date. Plaintiffs therefore seek expedited briefing on this motion so that any response or objection to this request shall be filed on or before March 12, 2016, with Plaintiffs' reply to be filed the next day on March 13, 2016. Plaintiff's proposed deposition notices, which require the production of documents, are attached hereto as Composite Exhibit "A". These discovery requests are not onerous, and are narrowly tailored to address the *bona fides* of the objections.

## CONCLUSION

For the foregoing reasons, the Court should: (1) grant Plaintiffs leave to take expedited discovery from objectors Molly O'Keefe and Patrick Sweeney; (2) expedite briefing by requiring objectors to file their response (if any) to this motion on or before March 12, 2016, with Plaintiffs' reply (if any) to be filed on or before March 13, 2016; (3) provide any other relief the Court deems appropriate.

Dated:  March 9, 2016

Respectfully submitted,

By: /s/ David P. Milian
David P. Milian
*dmilian@careyrodriguez.com*
Frank S. Hedin
*fhedin@careyrodriguez.com*
**CAREY RODRIGUEZ MILIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111
Fax: 310.474.8585

Joseph J. Siprut*
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

*Proposed Settlement Class*

Scott D. Owens
*scott@scottdowens.com*
Patrick C. Crotty
*patrick@scottdowens.com*
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Tel: 954.589.0588
Fax: 954.337.0666

*Liaison Counsel*

*\*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF, and on all counsel or parties of record on the Service List below by electronic mail and by overnight Fedex mail.

*/s/ David P. Milian*

## **SERVICE LIST**

**Patrick S. Sweeney**
2590 Richardson Street
Madison, WI 53711
310-339-0548
*Pro Se*

**Scott Mancinelli**
156 West Washington Avenue
Zeeland, MI 49464
616-772-5221
Email: scottm@hvplaw.com
*Counsel for Molly O'Keefe*