# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

| | |
|---|---|
| ANAMARIA CHIMENO-BUZZI, and LAKEDRICK REED, on behalf of themselves and all others similarly situated, | Case No. 14-cv-23120-MGC |
| | Hon. Marcia G. Cooke, Presiding |
| Plaintiffs, | Hon. Magistrate Edwin G. Torres |
| v. | |
| HOLLISTER CO., and AMBERCROMBIE & FITCH CO., | |
| Defendants. | |

## MOTION FOR PROTECTIVE ORDER BY CLASS MEMBER MOLLY O'KEEFE

## AND

## OPPOSITION TO MOTION FOR DISCOVERY (Dkt. No. 137)

Class Member Molly O'Keefe hereby submits her motion for protective order regarding discovery sought from her as follows:

1. O'Keefe is a member of the class having received a Notice of Proposed Settlement card and having filed a Declaration stating her membership in the class which was attached to her objection to the settlement filed with this Court.

2. O'Keefe filed an objection to the motion for approval of class settlement and for approval of the Plaintiff's attorney fees on February 29, 2015 through her attorneys of record, Scott Mancinelli and Ryan Gesten (Dkt. #134).

3. Shortly after having filed her objection, O'Keefe was served with a notice of

1

deposition and to produce records issued by Class Counsel David Milian on March 9, 2016, to take place in Grand Rapids, Michigan on March 17, 2016. There was no discussion nor telephonic request for any discovery made to either of O'Keefe's attorneys prior to scheduling this deposition and the filing of the motion. That same day, Class Counsels also filed a motion for leave to take discovery of O'Keefe including her deposition and for to provide documents responsive to thirty-six categories of documents including grossly over-reaching requests for communications and fee agreements between her and her attorneys, her tax returns, and her bank statements. The document requests also include numerous repetitive demand for records related to criminal arrests, appeal bonds, convictions, court sanctions, felonies and so on.

      4.      O'Keefe hereby moves for a protective order pursuant to FRCP 26(c) and Local Rule 26.1(g)(3) on the grounds that:

      a.      This case is closed and no discovery can be had.

      b.      The discovery is unnecessary, seeks irrelevant or privileged attorney client information, and will not lead to relevant nor admissible evidence, and is basically sought in an attempt to intimidate O'Keefe into withdrawing her objection.

      c.      O'Keefe has not received the minimum fourteen days, notice required for such a deposition to be take outside of Florida per FRCP 32(a)(5)(A) and Local Rule 26.1(h). O'Keefe will be on her spring break from college on the proposed deposition day and plans to travel.

      d.      Molly O'Keefe is an eighteen year old freshman at Calvin College in Grand Rapids, Michigan, a very strict Christian Reformed private college that has very high ethical and moral standards. Molly O'Keefe has never been arrested, or charged with any crime of any kind,

2

nor ever been involved in any other legal matter of any kind let alone a class action. To ask her eight questions of this nature, two of which have 21 sub-parts all focusing on crime and criminal behavior (See Dkt. 137-1 page 22-24), is not an attempt to elicit relevant information regarding an objection to a claim, but rather a fairly obvious attempt at intimidation of an 18 year old girl; to instill fear in Ms. O'Keefe and associate the continued prosecution of her objection with the potential "criminal prosecution" and "sanctions."

5. Class Counsel also seek information regarding Molly O'Keefe's mother's class action objection (In Couser v. Comenity Bank) and what if anything Molly knew about such an objection. Well, why does it matter? How does her knowledge (or lack of it) of an objection which was resolved a year ago when she was a senior in high school have any bearing on the merits of the issues raised in her own objection? Class Counsel already have obtained and read the objection and have compared it to the objection in this case. This information is totally irrelevant to any issue in the case or the objection.

6. There are no "facts" for anyone to discover regarding O'Keefe's objection that would make her deposition necessary or justify the time and expense. O'Keefe is relying on her attorneys opinion and analysis regarding what is a worthwhile and reasonable settlement, in the same manner that the Plaintiff class representatives (or for that matter any party engaged in settlement negotiations in any case) are relying on Class Counsels when they agreed to the proposed settlement. O'Keefe's objection is essentially legal - i.e. the wording of the release is over broad and unnecessarily over-reaching, or mathematical i.e. the settlement is too low in relation to the potential damages and the fees are too high in relation to the time spent or in relation to other similar cases. If any discovery is relevant to the objection it would be discovery

3

from Class Counsel regarding their actual time spent, time records, how much they charge per hour for non-contingency cases, and if they have ever taken a case to trial or even prevailed on summary disposition.

7. Class Counsel also seek O'Keefe's bank statements and tax returns (See Dkt. 1371-1 page 21). To what end? To prove she is an 18 year old college student who has minimal income? Is there a new Federal Court Rule that precludes citizens of limited economic means from filing objections? What about the Plaintiff Class Representatives, should they supply their bank statements and tax returns as well? Are they participating in the class in the hopes of financial compensation? Should there be a minimum net worth limit set for being a class representative or an objector?

8. Finally, to the extent that Class Counsel really needs any information confirming that Ms. O'Keefe is a member of the class, Ms. O'Keefe has already supplied a declaration confirming her membership in the class and it is undisputed that she was on the list supplied by Defendant who were sent text messages by Defendant and thus she was mailed a claim card. That information should be sufficient. All of the remaining information sought is either related O'Keefe's mother's class action over a year ago and is completely irrelevant to this case and Molly O'Keefe's objection or seeks attorney-client privileged communications and is also neither relevant nor admissible. In addition, O'Keefe and her attorneys have gone through the document request and other than an attorney-client contract there are no documents responsive to the requests that are known to exist. In an effort to compromise and minimize any need for her deposition, O'Keefe will supply a written response to the document requests which will underscore how unnecessary her deposition is.

9.     In summary, a protective order should issue prohibiting the deposition, and denying the motion for leave to take discovery.

Respectfully Submitted

Dated:  March 13, 2016

/s/ Scott Mancinelli
Scott Mancinelli
Mich Bar No. 60148 & Cal. Bar No. 171858
Attorney for Class Member Molly O'Keefe
Pro Hac Vice
Hoesch & Vander Ploeg, P.L.C.
156 West Washington Avenue
Zeeland, MI 49464
Telephone: 616-772-5221
Facsimile: 616-772-1181
Email: scottm@hvplaw.com

Dated:  March 13, 2016

/s/ Ryan D. Gesten
Ryan D. Gesten, Esq.
Florida Bar No. 240760
Attorney for Class Member Molly O'Keefe
Rogers Morris & Ziegler, LLP
1401 E. Broward Boulevard, Ste.300
Fort Lauderdale, FL 33301-2116
Email:  rdgesten@rmzlaw.com
Telephone:  (954) 462-1431
Facsimile:  954-763-2692

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ryan D. Gesten
Ryan D. Gesten
Florida Bar No. 2240760

## SERVICE LIST

**Patrick S. Sweeney**
2590 Richardson Street
Madison, WI 53711
310-339-0548
*Pro Se*

David P. Milian
*dmilian@careyrodriguez.com*
Frank S. Hedin
*fhedin@careyrodriguez.com*
**CAREY RODRIGUEZ MILIAN GONYA, LLP**

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**

Joseph J. Siprut*
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**

Scott D. Owens
*scott@scottdowens.com*
Patrick C. Crotty
*patrick@scottdowens.com*
**SCOTT D. OWENS, P.A.**