UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23120-Civ-COOKE/TORRES

ANAMARIA CHIMENO-BUZZI,

    Plaintiff,

vs.

HOLLISTER CO. and
ABERCROMBIE & FITCH CO.

    Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

**WHEREAS**, in August of 2015, Plaintiffs Anamaria Chimeno-Buzzi and Lakedrick Reed, on behalf of themselves and the class of persons they seek to represent, and Defendants J.M. Hollister, LLC d/b/a Hollister Co. and Abercrombie & Fitch Co., entered into a Settlement Agreement and Release ("Settlement Agreement") in the above captioned action (the "Action");

**WHEREAS**, on or about September 10, 2015, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement;

**WHEREAS**, on December 18, 2015, after considering the Settlement Agreement, the Motion for Preliminary Approval of Class Action Settlement and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order");

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and the Preliminary Approval Order, Class Members were notified of the terms of the proposed Settlement, including the right of Class Members to participate in the Settlement, opt-out of the Settlement, or object to the Settlement. Class Members were also provided notice of their rights to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether Final Judgment should be entered dismissing this Action with prejudice;

1

**WHEREAS**, Plaintiffs filed a Motion for Attorneys' Fees and Service Awards on February 15, 2016, and filed a Motion for Final Approval of Class Action Settlement on March 23, 2016;

**WHEREAS**, a Final Approval Hearing was held on March 30, 2016 pursuant to Federal Rule of Civil Procedure 23 to determine whether the Action is suitable to class action treatment and whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

**NOW, THEREFORE**, the Court having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, and having reviewed the record in this Action, and good cause appearing therefor:

**THE COURT FINDS AND ORDERS AS FOLLOWS:**

The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined herein and in the Settlement Agreement, except as may otherwise be ordered.

### I. JURISDICTION OF THE COURT

The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class.

### II. CERTIFICATION OF SETTLEMENT CLASS

Pursuant to F.R.C.P. Rule 23(b)(3), and for settlement purposes only, the Court hereby certifies the following Class in this Action:

All persons in the United States who received one (1) or more text messages sent by or on behalf of Abercrombie & Fitch Stores, Inc., Hollister Co., Abercrombie & Fitch Co., Gilly Hicks, and/or abercrombie kids, between August 25, 2010 and December 18, 2015, the date of the issuance of the Preliminary Approval Order.

### III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

Pursuant to F.R.C.P. Rule 23, the Court appoints Plaintiffs Anamaria Chimeno-Buzzi and Lakedrick Reed as Class Representatives, and David P. Milian, Frank S. Hedin, Robert Ahdoot and Joseph J. Siprut as Class Counsel.

## IV. NOTICE AND CLAIMS PROCESS

Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc., has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.

The notice plan provided the best notice practicable. Notice to the Class was disseminated via direct e-mail and U.S. Mail to all Class Members that could be identified. The notice plan also included publication of a Summary Notice and an Internet campaign. Azari Decl. ¶¶ 13 – 37, ECF No. 146-1.

Prior to mailing, the Settlement Administrator updated the notice mailing list through the USPS National Change of Address ("NCOA") database and through a professional address location service. As required by the Court, any Notice Packets returned as undeliverable were re-sent if forwarding or additional addresses were ascertainable. In addition, in compliance with CAFA, specifically 28 U.S.C. §§ 1715(a) and (b), and the Settlement Agreement, the Settlement Administrator provided notice of this settlement via certified mail to all the appropriate state and federal government officials. The Settlement Administrator continues to maintain the Settlement Website first and a call center, accessed via a toll-free number listed in the Notice Packet. The Website and toll-free number will be operational until the settlement is fully consummated. Azari Decl. ¶¶ 13 – 37, 41.

The Mailed Notice sent to Settlement Class Members and appearing on the settlement website[1] were substantially the same in all material respects to the notice approved by the Court in its Preliminary Approval Order. Azari Decl. ¶¶ 28 – 30, 44 – 46, Attachment 2 (Summary Notice and Claim Form sent via U.S. Mail), Attachment 3 (the Long Form Notice), Attachment 4 (the E-mail Notice), Attachments 5 & 6 (the Publication Notice), Attachment 7 (the Banner Advertisements), and Attachments 8 & 9 (the Sponsored Search Listings).)

---

[1] https://www.aftcpasettlement.com/Content/Documents/Notice.pdf.

The Mailed Notice was formatted to be similar in style and approach to the class notice models available on the Federal Judicial Center's ("FJC") website, www.fjc.gov.[2] The notice mailed to each Settlement Class Member and appearing on the settlement website described, among other things: the nature of the case, the Settlement Class definition, and the claims and defenses; the possibility to appear with counsel; the timing and place to object; the Final Approval Hearing location, date and time; the stakes involved; that Settlement Class Members would be bound and how they would be bound; the amount of the Common Fund and the amount of Settlement Class Members potential payments; the amount of attorneys' fees and service awards which would be requested; what was required to participate in the settlement; how to opt out and the effect of doing so; and where to call (toll-free) to get more information. *Id.*

The Notices gave Settlement Class Members a detailed explanation of the Settlement Agreement, including the relief, the releases and amount of the proposed Service Awards and the costs and exact amount of attorneys' fees to be requested, to enable them to evaluate their options and make an informed decision. The Notice and Claims Procedures meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.

Based on the foregoing, the Court hereby finds and concludes that Settlement Class Members have been provided the best notice practicable of the Settlement, and that the notice is clearly designed to advise the Settlement Class Members of their rights. Furthermore, the Court finds and concludes that the notice plan, as implemented, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, CAFA, the United States Constitution, and other applicable laws.

---

[2] As the *Manual on Complex Litigation* notes: "The FJC has tested the form notices for comprehension and identified some principles that will be of value to those drafting such notices." Herr*, David, Manual Complex Lit.* § 21.3, p. 286, n 880 (4h Ed.). *See generally*, *In re Wireless Facilities, Inc., Securities Litigation II*, 253 F.R.D. 607 (S.D. Cal. 2008) (setting forth settlement notice with approval); *S.S. v. New York City Dept. of Educ.*, 255 F.R.D. 59 (E.D.N.Y. 2008) (same).

## V.     PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

The Settlement Administrator has received, from certain Class Members, a total of 10 requests for exclusion from the Class ("Exclusion Requests") and has provided Class Counsel and Defendants' counsel with copies of such Exclusion Requests. Class Counsel filed with the Court a list of the 10 persons who have timely elected to be excluded. All persons named in "Attachment 11" of the Motion to Approve Final Class Action Settlement, ECF No. 146-1, who constitutes the complete list of all members of the Settlement Class who have timely requested exclusion, are hereby excluded from the Class and will not share in or be bound by the terms of the Settlement. This Order is binding on all Class Members, except for those individuals named in Attachment 11, unless such individuals subsequently elect to submit Claim Forms during the Claim Period.

## VI.    FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, for settlement purposes under Rule 23(b)(3). The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiffs' cases, the defenses raised by the Defendants, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the Class. In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. Essentially, the Settlement provides for each member of the Settlement Class, as that term is defined in the Settlement Agreement, to receive from the Defendants benefits described in Section 4 of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though the Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the defenses asserted by the Defendants in pleadings filed with this Court, (2) the risk to Settlement Class Members that the Defendants would successfully defend, at trial or on appeal or both, against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by Settlement Class Members themselves or on

their behalf in a class action, and (3) the length of time that would be required for Settlement Class Members to obtain a final judgment through one or more trials and appeals, the Settlement Agreement is fair, reasonable, and adequate. Moreover, the Court finds that the Settlement Agreement is not in any way the product of collusion as Plaintiffs and the Defendants only reached the Settlement after vigorous litigation, significant investigation and discovery by Class Counsel, and arm's-length negotiation facilitated by a mediator.

Accordingly, the Court hereby grants final approval of the Settlement Agreement and enters this Order and Final Judgment implementing its terms.

## VII.   ADMINISTRATION OF THE SETTLEMENT

The Settlement Agreement, which has been filed with the Court, shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except by any order issued by this Court. For the purposes of administering the Settlement, the Court orders as follows:

1. All persons who have not made their objections to the Settlement in the time period and manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

2. Within the time period and manner set forth in the Settlement Agreement, and after all attorney's fees and costs awarded to Class Counsel, all Service Awards paid to the named Plaintiffs, and all costs of notice and settlement administration have been paid out of the Settlement Fund, the Settlement Administrator shall calculate the pro rata share of the remaining Settlement Funds that each of the Class Members who submitted a valid Claim Form is entitled to receive, and the Settlement Administrator will mail payment checks to such Class Members.

3. The Court hereby awards Service Awards of $5,000.00 each to Plaintiffs Chimeno-Buzzi and Reed in compensation for the time, effort, and risk they undertook as representatives of the Class. These awards shall be paid by the Settlement Administrator out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

4. The Settlement Administrator shall be paid from the Settlement Fund for its costs and fees incurred in providing Notice to the Class and in administering the Settlement, less any funds already advanced by the Defendants.

5. The Court hereby approves Class Counsel's Motion for Attorneys' Fees. The Settlement Administrator shall pay Class Counsel the amount of $3,333,333.33 as reasonable

attorneys' fees, inclusive of the award of reasonable costs incurred in litigating this Action, in the manner specified in the Settlement Agreement. The Court finds that the requested fees are reasonable under either the percentage-of-the fund approach or pursuant to the factors set forth in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

6. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining the Defendants' agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class' claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of the Defendants' possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and no Settlement Class members object.

7. In addition, the Court has applied the factors articulated in *Johnson* to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable *Johnson* factors support the requested award of attorney fees and costs:

> a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiffs and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

    b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including contested automatic telephone dialing system issues in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

    c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement produced a Settlement Fund of $10,000,000 for a class of approximately 3.7 million persons which will produce a per person cash benefit that is well within the range of recoveries established by other court-approved TCPA class action settlements. *See e.g. Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349.

    d. *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide for one third of the fund. *See Soto v. The Gallup Organization, Inc.*, Case 0:13-cv-61747-MGC (S.D. Fla.) (Cooke, J.) (awarding one-third); *Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes, et al. v. AT&T Mobility Services, LLC*, No. 10-20837-CIV, [DE 196], at 6. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

    e. *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against sophisticated and well-financed defendants represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp.2d at 1334.

**VIII. RELEASE OF CLAIMS**

Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged the Defendants and the Released Parties from the Released Claims as set forth in Section 9 of the Settlement Agreement. Furthermore, all

members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement are hereby permanently barred and enjoined from (1) filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Persons and Class Counsel as a result of the violation.

### IX.   NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

### X.   PRECLUSIVE EFFECT

The Settlement Agreement and this Final Order and Judgment are binding on and shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors.

## XI. ENTRY OF FINAL JUDGMENT

Finding that there is no just reason for delay, the Court orders that this Order for Final Approval of Class Action Settlement and Entry of Final Judgment shall constitute a final judgment. The Clerk of the Court is directed to enter this Order on the docket forthwith. The above-captioned action is hereby **DISMISSED** *with prejudice*. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

**DONE and ORDERED** in chambers at Miami, Florida, this 11th day of April 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*